Submitted May 3, 2019, reversed May 6, 2020

In the Matter of P. J. V. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. V. S.,
*Appellant.*

Washington County Circuit Court
18JU06143; A169675

466 P3d 82

Erik M Buchér, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

In this juvenile dependency case, father appeals the judgment taking jurisdiction over his child, J. On appeal, father argues in seven assignments of error that that there was insufficient evidence for the court to take jurisdiction. In response, the Department of Human Services (DHS) concedes that the judgment was not supported by sufficient evidence that J was exposed to a continuing risk of serious injury or loss if the juvenile court did not take jurisdiction. ORS 419B.100(1)(c)[1]; *Dept. of Human Services v. A. W.*, 276 Or App 276, 278, 367 P3d 556 (2016) ("To establish jurisdiction pursuant to ORS 419B.100(1)(c), DHS must present evidence sufficient to support a conclusion that the child's condition or circumstances expose the child to a current threat of serious loss or injury that is likely to be realized."). We agree with and accept DHS's concession that the evidence is legally insufficient to establish a current, nonspeculative risk of harm to the child. Accordingly, we reverse the jurisdictional judgment.

Reversed.

---

[1] The 2018 version of ORS 419B.100 applies to this case. That statute has since been amended. Or Laws 2019, ch 594, § 8. Because the amendment does not affect the analysis in this case, we cite the current version of the statute.